UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LASHANTE DONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:12CV00216 AGF |
| ) | |
| SENSIENT COLORS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand (Doc. No. 13).  Also pending is Defendants' Motion to Dismiss (Doc. No. 7).  The motions are fully briefed and ready for disposition.  For the reasons set forth below, the Court will grant Plaintiff's Motion to Remand.

**Background**

Plaintiff filed a Petition against Defendants in the Circuit Court of St. Louis City, Missouri, alleging discrimination on the basis of race and gender in violation of the Missouri Human Rights Act ("MHRA").  (Pet., Doc. No. 4)  Specifically, Plaintiff asserts that, while she was an employee at Sensient Colors of Delaware, LLC ("Sensient"), Defendants, Sensient, supervisor Gregory Bone, and Director of Quality Control Mark Goldschmidt, discriminated against her on the basis of her race (African American) by taking adverse employment actions.  (*Id.* at ¶¶ 42-52)   Plaintiff also contends that Defendants discriminated against her on the basis of gender (female) by replacing her

with a male person for one position and assigning a shift to a male person instead of Plaintiff for another position. (*Id.* at ¶¶ 53-56) Plaintiff further alleges that she was subjected to disparate treatment regarding a lower pay grade for women as opposed to similarly situated males, disparate impact on female employees, and unequal pay. (*Id.* at ¶¶ 57-71) Finally, Plaintiff maintains that Defendants constructively discharged her in retaliation for her complaints about the discriminatory system of shift assignments toward women. (*Id.* at ¶¶ 72-81)

Defendants removed the case to federal court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 on February 8, 2012. (Notice of Removal, Doc. No. 1) Defendants maintain that Plaintiff cannot advance a claim against Missouri resident, Defendant Mark Goldschmidt, such that he is fraudulently joined in this action. (*Id.* at ¶ 7) In addition, Defendants seek to dismiss portions of Plaintiff's petition because Plaintiff failed to exhaust her administrative remedies by failing to file an administrative charge of discrimination against the individual Defendants and failed to exhaust administrative remedies against all three Defendants by failing to file a charge of discrimination which included discriminatory discharge, constructive discharge, or retaliation. (Def. Mot. to Dismiss ¶¶ 3-4, Doc. No. 7)

In response, Plaintiff filed a Motion for Remand, asserting that Defendants improperly removed the action to federal court because Defendant Goldschmidt has a connection to the events alleged in the Petition and was a supervisor who made decisions affecting the terms and conditions of Plaintiff's employment. (Pl. Mot. for Remand ¶ 3,

Doc. No. 13)  Plaintiff argues that because there is incomplete diversity of citizenship, this Court lacks subject matter jurisdiction over the pending case, thus warranting remand.  (*Id.* at  ¶ 4)

## Discussion

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . , and is between citizens of different States." 28 U.S.C. § 1332(a)(1).  The removing party has the burden of establishing that diversity jurisdiction exists by a preponderance of the evidence.  *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  *Id.*  (citation omitted).

Fraudulent joinder is an exception to the complete diversity rule, and it occurs "when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal."  *Id.* (citation omitted).  To determine whether a plaintiff has fraudulently joined a party, a court looks to whether a reasonable basis in fact or law exists to support a claim against the nondiverse defendant.  *Id*; *see also Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) ("The relevant inquiry in analyzing fraudulent joinder, however, focuses only on whether a plaintiff 'might' have a

-3-

'colorable' claim under state law against a fellow resident . . . not on the artfulness of the pleadings.") (internal citation omitted).

In the instant case, Defendants maintain that no reasonable basis exists for the Court to find that Plaintiff could sue Goldschmidt individually under the MHRA because she did not identify Goldschmidt in her charge of discrimination with the Missouri Commission on Human Rights ("MCHR"). The Court disagrees and finds that the case should be remanded to the state court.

Under Missouri law, "[t]he MHRA permits suit to be brought against supervisory employees . . . , not just against the company itself, and the failure to make him a party at the administrative action before the . . . Missouri Commission on Human Rights . . . will bar suit against him only if it resulted in prejudice." *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 662 (Mo. 2009). The requirement that a plaintiff name the individual in the charge of discrimination in order to be included in the later civil suit serves the purpose of giving notice to the charged party and providing an avenue for voluntary compliance without litigation. *Id.* (citations omitted). However, courts have recognized exceptions to this general rule requiring a defendant to first be named in the administrative charge. *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1032 (E.D. Mo. 2004). Two such recognized exceptions are "identity of interests" and "actual notice." *Id.* (citations omitted). "These exceptions are similar: an unnamed party will not be dismissed if he or she had adequate notice of the charge and opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Id.* (citations omitted).

In *Moss v. Defender Servs., Inc.*, No. 1:08-CV-88 CAS, 2009 WL 90136 (E.D. Mo. Jan. 14, 2009), the court addressed a nearly identical issue.  In *Moss*, the plaintiff filed a petition in state court alleging age and sex discrimination, along with retaliation, under the MHRA against her employer and her supervisor.  *Id.* at *1.  Defendants removed the action to federal court on the basis that plaintiff fraudulently joined the supervisor.  *Id.*  Defendants also filed a motion to dismiss, arguing that plaintiff failed to exhaust her administrative remedies by not filing an administrative complaint with the MCHR naming the supervisor as a respondent.  *Id.*  The court in *Moss* disagreed, finding that "[b]ecause the petition claims that defendant . . . was involved in the allegedly discriminatory acts in his capacity as plaintiff's supervisor, defendant . . . may be subject to liability under the MHRA."  *Id.* at *3.  The *Moss* court reasoned that the MHRA allowed individual liability by a managerial employee, and joinder of a defendant exercising supervisory authority over plaintiff was not fraudulent.  *Id.* (citing *Messmer v. Kindred Hosp. St. Louis*, No. 4:08-CV-749 CEJ, 2008 WL 4948451, at *3 (E.D. Mo. Nov. 10, 2008)).  The *Moss* court reached this decision despite the fact that plaintiff did not name the individual defendant in her charge of discrimination.  *Id; see also Messmer*, 2008 WL 4948451, at *3 ("Because the petition claims that [defendant] was involved in the allegedly discriminatory decision-making process in her capacity as a managerial employee, [defendant] may be subject to liability under the MHRA.").

Similar to *Moss*, the state court petition alleges that Goldschmidt was Sensient's Director of Quality Control and that he made, directed and/or approved the employment

-5-

decisions that injured Plaintiff.  (Pet. ¶ 5, Doc. No. 4)  Likewise, Plaintiff contends that Defendants, which includes Goldschmidt, hired white males with less experience and at a higher pay rate despite discussions she had with Defendants expressing interest in other shifts in the Quality Control laboratory.  (*Id.* at ¶¶ 15-41)  The Court finds that Plaintiff has raised a colorable claim against Goldschmidt based on the MHRA such that his joinder is not fraudulent.  Consequently, diversity of citizenship and federal subject matter jurisdiction does not exist in this case.

Defendants, however, argue that Goldschmidt was prejudiced by Plaintiff's failure to name him in the charge of discrimination because he was not provided an opportunity to participate in the investigation or conciliation process before the MCHR.  Plaintiff argues that Goldschmidt had notice of the MHRA proceedings and was clearly identified in notes provided to the MCHR.  On this record, it is unclear whether Goldschmidt had notice of the charge or an opportunity to participate.  But this Court should not be resolving such disputed issues on a motion to remand.  "It is not for this Court to decide, in connection with a motion to remand, whether . . . the unnamed individual defendant[ ] had actual notice of the administrative charge and an opportunity to participate in the MHRC proceedings."  *Hill*, 324 F. Supp. 2d at 1034.  Instead, this is a question for the Missouri court.  *Id; see also Messmer*, 2008 WL 4948541, at *3 (finding that the determination of actual notice or opportunity to participate was more appropriately made by the state court and not the federal court on a motion to remand) (citation omitted).

The Court notes that Defendants have filed a motion to dismiss in this case (Doc.

-6-

No. 7).  Because this Court has concluded that it lacks subject matter jurisdiction, the determination of the motion to dismiss is also for the state court to decide.  *See Moss*, 2009 WL 90136, at *3 (determining that the ruling on subject matter jurisdiction precludes the court from ruling on defendant's motion to dismiss).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for remand is **GRANTED**. (Doc. No. 13)

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **REMAND** this case to the Circuit Court for the City of St. Louis, Missouri, from which it was removed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of May, 2012.